## *In re* APPEAL OF ABNER R. SCRANTON.

1. JURIES — *exemption from service, a mere gratuity to the citizen.* The duty of serving on juries is one of the inseparable incidents of citizenship, and can be exacted whenever and however the sovereign authority shall command, and all exemptions from such service are mere gratuities, which may be withdrawn at the pleasure of the law-making power.

2. SAME — *only active members of fire companies are exempt from service.* Under the general law in force February 11th, 1874, the only exemption from service on juries on account of service in the fire department is of active members of that department.

3. The general law on the subject of juries in force February 11th, 1874, repealed all local and special laws on the subject.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. HOLDEN & MOORE, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant was lawfully summoned to appear as a petit juror, at the March term, A. D. 1874, of the Cook county circuit

court, and, failing to appear, he was subsequently, at the same term of court, attached on account thereof. Upon the return of the attachment, and in answer thereto, appellant alleged, as the cause of his default, that he had served as a fireman in the city of Chicago, for a period of seven years and more, and claimed, on that account, to be exempt from service on juries. The court, deeming the excuse insufficient, adjudged that he was in contempt, and that he pay a fine of five dollars.

The only question raised by this appeal is, whether appellant was exempt from serving on juries on account of the alleged excuse.

By a section of the charter of the city of Chicago, which we shall, for the purposes of the present case, assume was in force at the adoption of the present constitution, it was provided that every fireman, etc., "who shall have faithfully served as such in said city of Chicago for the term of seven years, shall be exempt from serving on juries," etc.

It is insisted that the appellant was, by virtue of this provision, justified in what he did, and that he was, therefore, not in contempt of court.

By § 22 of Art. 4 of the Constitution of 1870, it is declared that the legislature shall not pass local or special laws for the summoning or impanneling of grand or petit jurors.

Pursuant to this provision, the legislature, by a general law, in force February 11th, 1874, have declared who shall be summoned as grand and petit jurors, and who shall be exempt from serving on juries. By this law the only exemption on account of service in the fire department is of *active members* of that department. No exception is made in favor of the city of Chicago, nor would it have been competent for the legislature to have done so, under the section of the constitution referred to ; and the necessary effect of this law is to repeal all prior local laws on the subject.

The claim made that appellant has a vested right in the exemption, granted by the city charter, is without foundation. The duty of serving on juries, like the duty of bearing arms

in defense of the government, is one of the inseparable incidents of citizenship, and can be exacted whenever and however the sovereign authority shall command. All exemptions of this kind are mere gratuities to the citizen, which cannot be the subject of contract between men and the State, and may be withdrawn at the pleasure of the law-making power. Cooley's Constitutional Limitations (1st Ed.) 383.

The judgment of the court below is affirmed.

*·Judgment affirmed.*